UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ARTHUR PRYOR,

    Petitioner,        Hon. Janet T. Neff

v.               Case No. 1:13-CV-1220

BONITA HOFFNER,

    Respondent.

_____/


**REPORT AND RECOMMENDATION**

    This matter is before the Court on Pryor's petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Pryor's petition be **denied**.


**BACKGROUND**

    On August 11, 2010, following a jury trial, Petitioner was convicted of four counts of armed robbery as well as three additional weapons offenses. (Trial Transcript, August 11, 2010, 116-17). Petitioner was sentenced to serve 20-60 years in prison for the armed robbery convictions and lesser terms of imprisonment for the additional convictions. (Sentence Transcript, September 9, 2010, 6-7). Following his conviction, Petitioner moved in the trial court for an evidentiary hearing at which to present evidence that three members of his family were excluded from the

courtroom during the jury selection process. (Hearing Transcript, April 29, 2011, 3-5). The court

denied Petitioner's request. (Tr. 3-8). Petitioner subsequently appealed the matter to the Michigan

Court of Appeals asserting the following issues:

> I.    The exclusion of the public from the courtroom
> without any articulation of reasons necessitating such
> drastic action is structural error as the action violated
> Mr. Pryor's 6th Amendment right to a public trial.
>
> II.   Defense counsel was constitutionally ineffective
> when he failed to object to the closure of the
> courtroom to the public.

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Pryor*,

2011 WL 6279242 (Mich. Ct. App., Dec. 15, 2011). Asserting the same two claims, Petitioner

unsuccessfully moved in the Michigan Supreme Court for leave to appeal. *People v. Pryor*, 821

N.W.2d 887 (Mich. 2012). On November 6, 2013, Petitioner initiated the present action asserting

the following claim:

> I.    The Michigan Court of Appeals unreasonably applied
> the Supreme Court's holding in *Presley v. Georgia* in
> holding that Mr. Pryor's Sixth Amendment right to a
> public trial was not violated when the public was
> excluded from the courtroom during voir dire.

## STANDARD OF REVIEW

Pryor's petition is subject to the provisions of the Antiterrorism and Effective Death

Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254. The AEDPA amended the substantive

standards for granting habeas relief under the following provisions:

> (d)   An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was
> adjudicated on the merits in State court proceedings unless

the adjudication of the claim —

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at an opposite result." *Ayers v. Hudson*, 623 F.3d 301, 307 (6th Cir. 2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case" or if it "either unreasonably extends or unreasonably refuses to extend a legal principle from the Supreme Court precedent to a new context." *Ayers*, 623 F.3d at 307. Furthermore, review under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the "factual determination by [the] state courts are presumed correct absent clear and convincing evidence to the contrary." *Ayers*, 623 F.3d at 308. Accordingly, a decision "adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." While this standard is "demanding" it is "not insatiable." *Id.*

For a writ to issue pursuant to § 2254(d)(1), the Court must find a violation of clearly established federal law "as set forth by the Supreme Court at the time the state court rendered its decision." *Stewart v. Irwin*, 503 F.3d 488, 493 (6th Cir. 2007). This definition of "clearly established federal law" includes "only the holdings of the Supreme Court, rather than its dicta."

4

*Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). Nevertheless, "the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart*, 503 F.3d at 493.

As previously noted, § 2254(d) provides that habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits" unless the petitioner can satisfy the requirements of either § 2254(d)(1) or § 2254(d)(2). This provision, however, "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011). Instead, when a federal claim has been presented to a state court and the state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits." *Id.* at 784-85. Where such is the case, the Court must apply the deferential standard of review articulated above, rather than some other less deferential standard.

The presumption that the state court "adjudicated [a] claim on the merits" may be overcome only "when there is reason to think some other explanation for the state court's decision is more likely." *Id.* If this presumption is overcome, however, the Court reviews the matter de novo. *See Wiggins v. Smith*, 539 U.S. 510, 533-35 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *see also, Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

## ANALYSIS

In *Presley v. Georgia*, 558 U.S. 209 (2010), the Supreme Court held that the Sixth Amendment right to a public trial extends to the jury selection process. *Id.* at 212-13. A criminal defendant can, however, waive this right. *See*, *e.g.*, *United States v. Hitt*, 473 F.3d 146, 155 (5th Cir. 2006) (citing *Levine v. United States*, 362 U.S. 610, 618-19 (1960)) ("[w]here a defendant, with knowledge of the closure of the courtroom, fails to object, that defendant waives his right to a public trial"); *see also*, *United States v. Whalen*, 578 Fed. Appx. 533, 538 (6th Cir., Aug. 28, 2014) (same).

Well after the conclusion of his trial, Petitioner moved in the trial court for a hearing at which to present evidence that three members of his family were excluded from the courtroom during the jury selection process. (Hearing Transcript, April 29, 2011, 3-5). In support of this motion, Petitioner submitted an affidavit executed by his mother in which she asserted the following:

1.  On August 9, 2010, I along with my husband and daughter arrived at the courtroom of the Hon. Mark A Trusock to attend the trial of Arthur Pryor ...;

2.  We entered the courtroom as jury selection was being conducted and found seats in the back row;

3.  Just as we got seated, a member of the courtroom staff approach [sic] and asked us if we were potential jurors;

4.  When we replied 'no,' we were told that unless we were potential jurors, we would have to leave the courtroom for the entire time jury selection was underway and could only return when the process was completed;

5.  The three of us left the courtroom as ordered.

*Pryor*, 2011 WL 6279242 at *1.

The trial judge noted that he had "never closed this courtroom, under any

circumstances, and I have told people never to escort anyone out of this courtroom under any circumstances." (Hearing Transcript, April 29, 2011, 4). Petitioner's appellate counsel indicated that Petitioner's mother did inform Petitioner's trial counsel that they had been excluded from the courtroom. (Tr. 4). The judge, observing that the alleged incident was not brought to the court's attention until well after Petitioner's trial and conviction, denied Petitioner's motion. (Tr. 4-8).

The Michigan Court of Appeals denied Petitioner's subsequent appeal of this decision. In so doing, the court made two significant factual findings. The court, agreeing with the trial court, found that Petitioner had failed to demonstrate that his family members were ever excluded from the courtroom. *Pryor*, 2011 WL 6279242 at *1-2. The court also found that Petitioner had failed to present any evidence that his attorney was unaware of the alleged exclusion from the courtroom and, therefore, given his failure to object, had waived the right to challenge the alleged exclusion. *Id.* at *1. As noted above, factual determinations made by the state courts are "presumed correct absent clear and convincing evidence to the contrary." Petitioner has failed to present clear and convincing evidence that either factual finding is inaccurate. Thus, the decision by the Michigan Court of Appeals rejecting Petitioner's claim is consistent with clearly established federal law.

Petitioner attempts to avoid this conclusion by citing to two cases both of which are easily distinguishable. In *United States v. Gupta*, 699 F.3d 682 (2nd Cir. 2012), the court addressed "the narrow question of whether the district court's intentional closure of the courtroom during *voir dire* violated [Gupta's] right to a public trial." *Id.* at 684. There are two significant items which distinguish *Gupta* from the present matter, however. In *Gupta*, there was no dispute that the courtroom had been closed during voir dire. *Id.* at 686-87. Here, the state court found that the

courtroom had not been closed.  In *Gupta*, there was no dispute that the defendant's trial attorney was not aware of the closure of the courtroom.  *Id.* at 689.  Thus, the issue before the *Gupta* court, aside from whether the courtroom closure was justified, was whether Gupta had "an obligation to raise a legal objection as to which his own defense counsel is ignorant during the throes of trial." *Id.* at 690.  The court answered this question in the negative.  *Id.*  However, in the present circumstance, Petitioner has failed to present any evidence that his attorney was unaware of alleged closure of the courtroom.  Thus, *Gupta* has no applicability in this matter.

In *Johnson v. Sherry*, 586 F.3d 439 (6th Cir. 2009), the defendant argued that "the state violated his Sixth Amendment right to a public trial when it excluded the public from the courtroom during portions of his jury trial and that his Sixth Amendment right to effective assistance of counsel was violated when his trial attorney failed to object to the closure."  *Id.* at 441.  Again, in *Johnson*, unlike the present case, there was no dispute that the courtroom had been closed during a portion of the trial.  *Id.* at 441-42.  Instead, the issue in *Johnson* was whether the closure of the courtroom was justified and whether defense counsel rendered ineffective assistance by failing to object to the closure.  *Id.* at 445-48.  Whether the closure of the courtroom was justified was not addressed by the state courts in Petitioner's case because Petitioner failed to demonstrate that the courtroom had, in fact, been closed to the public.  Thus, the Court finds *Johnson* inapplicable in this matter.

In light of the above authority and facts, the Court concludes that the decision by the Michigan Court of Appeals rejecting Petitioner's claims is neither contrary to, nor involves an unreasonable application of, clearly established federal law.  Furthermore, this decision was not based on an unreasonable determination of the facts in light of the evidence presented.  Accordingly,

this claim raises no issue upon which habeas relief may be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States. Accordingly, the undersigned recommends that Pryor's petition for writ of habeas corpus be **denied**. The undersigned further recommends that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


Date: June 9, 2016                          /s/ Ellen S. Carmody
                                            ELLEN S. CARMODY
                                            United States Magistrate Judge